# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

RICK QURESHI

    Opposer,

vs.

TWITTER INC.

    Applicant.

Opposition No.: 91204920

CV 12 80 172 MISC

## REQUEST TO CREATE MISCELLANEOUS ACTION

The opposition attached hereto is currently before the Trademark Trial Appeal Board is considered the same as a Federal Civil Case. Various entities and individuals in the jurisdiction of the Northern District of California are likely to have discoverable information.

WHEREFORE, Opposer prays that a Miscellaneous Action will be created to allow subpoenas to be issued.

Respectfully Submitted,

Dated: July 18, 2012      By: _____
                                                        Rick Qureshi

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

RICK QURESHI                              )   Opposition No.:  91204920
                                          )
    Opposer,                              )
                                          )
vs.                                       )
                                          )
TWITTER INC.                              )
                                          )
    Applicant.                            )

## NOTICE OF OPPOSITION

Rick Qureshi, ("Opposer") believes that he will be damaged by registration of the mark TWEET ("Applicant's Mark") with those goods listed in Application Serial No. 77715815 (the "Application"), files by Twitter, Inc. ("Applicant"), and hereby opposes the Application.

Application Serial No. 77715815 was filed on April 16, 2009, for the mark TWEET based solely an Applicant's alleged intent to use the mark. The application was published for opposition on December 27, 2011. Opposer filed for and obtained the necessary extensions of time in which to oppose the Application following its publication.

As grounds for opposition, Opposer alleges:

1. Applicant filed this application under an intent to use basis and to date there has been no Allegation of Use filed.

2. On information and belief, Applicant has not yet commenced use for the TWEET mark in commerce in al of the identified classes of services.

NOTICE OF OPPOSITION                    1
Opposition to Serial No. 77715815

3. Opposer has been using the TWEET mark in commerce and developing consumer recognition and goodwill therein since July 23, 2009, such use being open, notorious and known to Applicant. During this time Applicant failed to take meaningful action to protect the mark on which it bases this application. Use of this mark by opposer is consequently allowed by the doctrines of laches, acquiescence and estoppel and Opposer would suffer harm should the mark be registered.

4. Opposer, by virtue of its prior senior use, has common law rights in the mark TWEET. Registration of the mark by Applicant would cause harm, therefore, to Opposer.

5. In light of Applicant's senior rights in the mark, Applicant is likely infringing the common law rights of Opposer. If a party owns the rights to a particular trademark, that party can sue subsequent parties for trademark infringement. 15 U.S.C. �� 1114, 1125. The standard is "likelihood of confusion." To be more specific, the use of a trademark in connection with the sale of a good constitutes infringement if it is likely to cause consumer confusion as to the source of those goods or as to the sponsorship or approval of such goods. In deciding whether consumers are likely to be confused, the courts will typically look to a number of factors, including: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the similarity of marketing channels used; (6) the degree of caution exercised by the typical purchaser; (7) the

NOTICE OF OPPOSITION                      2
Opposition to Serial No. 77715815

defendant's intent. <u>Polaroid Corp. v. Polarad Elect. Corp.</u>, 287 F.2d 492 (2d Cir.), cert. denied, 368 U.S. 820 (1961).

6. Well after Opposer's date of first use in interstate commerce, Applicant has purchased other marks containing the TWEET element and now seeks exclusive rights over the TWEET mark, to Opposer's detriment.

7. Opposer registered a mobile computing device "app" product called Tweet in Applicant's database of Twitter-related apps <u>twice</u>. Applicant approved Opposer's app names and products for access to Applicant's network <u>twice.</u> Use of this mark by Opposer is consequently allowed by equitable principles, including waiver, unclean hands, laches, acquiescence and estoppel.

8. Applicant's conduct and communications with Opposer evidence an express, written license agreement between Applicant-Licensor and Opposer-Licensee to use the name TWEET for the name of its app. In light of recent communications unilaterally repudiating the existence of a license agreement between the parties, Opposer would suffer harm should the mark become registered.

9. Over time, third parties have been using the TWEET mark in different markets from Opposer, such use being open, notorious and known to Opposer and such knowledge, in turn, being known to Applicant. During this time, Applicant failed to take meaningful action to assert claims against said third parties on which this application is based, on which

NOTICE OF OPPOSITION                    3
Opposition to Serial No. 77715815

inaction Opposer has relied, to Opposer's detriment. Opposer and others would suffer harm should the mark become registered.

10. Applicant has a history of having knowledge of use of applicant's company name in third party product names. Only after the name becomes popular through the efforts and expense of those third parties does the applicant object to its use. Applicant gave permission and encouraged the use of the TWEET mark and only now starts to object after the mark has become popular through the efforts and at the expense of third parties. Applicant's conduct amounts to fraud, fraudulent inducement and fraud by concealment.

11. If the present application is permitted to register, the registration would presumptively entitle Applicant to exclusive ownership and rights to the TWEET mark. Such registration would preclude Opposer from using Opposer's own common law trademark, or, in the alternative, such registration would interfere with the license agreement between the parties for use of the mark TWEET by Opposer.

WHEREFORE, Opposer prays that this Notice of Opposition be sustained and that the Application be permanently denied registration.

Respectfully Submitted,

Dated: April 25, 2012                By:  __/.Rick Qureshi./_____
                                          Rick Qureshi

NOTICE OF OPPOSITION                 4
Opposition to Serial No. 77715815